**UNITED STATES of America,**

v.

**Paul GRAVELLE, et al., Defendants.**

**No. 92–6079–CR.**

United States District Court,
S.D. Florida.

April 2, 1993.

Michael Walleisa, Jeffrey Sloman, Asst. U.S. Attys., Fort Lauderdale, FL, for U.S.

Leonard Sands (Ret.), Miami, FL, for Paul Gravelle.

Samuel Fields (CJA), Ft. Lauderdale, FL, for Gary Collins.

David Brannon, Asst. Federal Public Defender, Ft. Lauderdale, FL, for Donald Collins.

Richard Barkin (CJA), Boca Raton, FL, for Walter Silvestri.

Jeffrey Fink (Ret.), Miami, FL, for Louis Mitchell, Sr. (bond).

David Bogenschutz (Ret.), Ft. Lauderdale, FL, for Louis Mitchell, Jr. (bond).

Bruce A. Zimet, Ft. Lauderdale, FL, John C. Mattes, Miami, FL, for Andre Gravelle.

Corey E. Hoffman (Ret.), Miami, FL, for Gerald Mitchell.

Jonathan Rowe (CJA), Ft. Lauderdale, FL, for David Shawn Taylor.

Philip Horowitz, Miami, FL, for Ronald Mitchell.

Howard Greitzer (CJA), Ft. Lauderdale, FL, for Clarence Mitchell (bond).

Scott Kalisch (CJA), Coral Gables, FL, for Robert Mitchell (bond).

No appearance for Rinaldo Ticchiarelli and John Morgan.

John P. Contini, Ft. Lauderdale, FL, for Anthony Parker (bond).

Raul Ordonez, Miami, FL, for Ludovico Gary Trionfi.

## MEMORANDUM OPINION AND ORDER REGARDING NATURE OF SEIZED SUBSTANCE

HIGHSMITH, District Judge.

THIS CAUSE came before the Court upon defendants' motion to classify seized substance as marihuana and to strike "hashish oil" from the indictment, as well as the plea agreement hereinafter mentioned.

### PROCEDURAL BACKGROUND

The eight-count superseding indictment in this case charges the defendants with various drug-related offenses involving "hashish oil." The defendants and the government have entered into a plea agreement, whereby most of the defendants have pled guilty to Count III of the superseding indictment (conspiracy to import hashish oil) and the government has agreed to dismiss the remaining counts after sentencing.[1] Pursuant to the plea agreement, however, the government agreed that the defendants had "the right to contest the nature of the substance seized, i.e., whether it is hashish oil, as alleged by the government, or 'marijuana oil', for the purpose of determining the applicable sentencing guideline range."

The Court held an evidentiary hearing for the purpose of determining the nature of the substance seized. At the conclusion of the hearing, the Court announced its finding that the substance is not "hashish oil." In this memorandum opinion and order, the Court further determines that, for sentencing purposes, the substance is "Marihuana/Cannabis, granulated, powdered, etc." United States Sentencing Commission *Guidelines Manual*, § 2D1.1, Drug Equivalency Tables, at 91 (Nov. 1992).

---

1. One defendant has pled guilty to Count VII of the superseding indictment (conspiracy to possess with intent to distribute hashish oil), with the government agreeing to dismiss the remaining counts after sentencing. Four defendants have pled guilty to Count I of the superseding information (concealing and facilitating the transportation of hashish oil), with the government agreeing to dismiss the counts in the superseding indictment after sentencing.

## STANDARD OF PROOF

■ The issue left for resolution in the plea agreement—the nature of the seized substance—has been raised for sentencing purposes only. Accordingly, the Court must make its determination concerning the nature of the substance by a preponderance of the evidence. *United States v. Patrick*, 983 F.2d 206, 208 (11th Cir.1993).

## FACTUAL FINDINGS

In light of the oral and documentary testimony received at the evidentiary hearing, the Court makes the following factual findings by a preponderance of the evidence.

1. The substance is a dark greenish, almost black, tarry, gummy paste which does not flow. The substance has the odor of marijuana.

2. The paste has an average delta–9 tetrahydrocannabinol ("THC") content ranging somewhere between 16% and 23%, expressed in weight/weight percentage.[2] THC is the active ingredient in marijuana.

3. The paste is made from the left-over portions of marihuana plants, after the useful parts (such as the flowers) have been removed.

## DISCUSSION

Title 21, United States Code, Section 802(16) provides:

The term "marihuana" means all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or resin. Such term does not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of such

mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination.

21 U.S.C.A. § 802(16) (West 1981 & Supp. 1993).

■ For purposes of determining a defendant's base offense level, however, the Sentencing Guidelines subdivide the code's all inclusive definition of marihuana into three categories: (1) Marihuana/Cannabis, granulated, powdered, etc; (2) hashish or cannabis resin; and (3) hashish oil. United States Sentencing Commission *Guidelines Manual*, § 2D1.1, Drug Equivalency Tables, at 91 (Nov. 1992). The guidelines do not provide definitions for these terms.

At the evidentiary hearing, experts for both sides presented various definitions of hashish oil to the Court. One such definition reads as follows:

The name [hashish oil] is used by illicit drug users and dealers but is a misnomer in suggesting any resemblance to hashish other than its objective of further concentration. Hashish oil is produced by a process of repeated extraction of cannabis plant materials to yield a dark viscous liquid, current samples of which average about 20% THC. In terms of its psychoactive effect a drop or two of this liquid on a cigarette is equal to a single "joint" of marijuana.

*Drugs of Abuse*, U.S. Dep't of Justice, D.E.A., at 45–46 (1988). The Court does not find that the substance at issue falls under this definition. The Court has found that the substance is a paste which does not flow. Therefore, the substance does not fit the description "dark viscous liquid." Moreover, although the THC content of the substance falls within a range that is comparable to the content cited in the definition, the THC content is not determinative for sentencing guidelines purposes.[3]

---

2. The laboratory analysis results submitted by the government yielded an average THC content of 23%. The defendants's results averaged 16%.

3. According to the document containing the cited definition of hashish oil, the THC content of marihuana ranges from 0.5 to 7 percent, but the "sinsemilla" variety goes as high as 20 percent.

*Drugs of Abuse*, at 45. The document further states that the THC content of hashish in the United States averages three percent. *Id.* Despite this overlap in THC contents, the Sentencing Guidelines equate a gram of marihuana to five grams of hashish, and prescribe a lower

Another definition was presented to the Court by defendants' expert, Dr. Woodford. According to Dr. Woodford, hashish oil is a "clear, golden-colored liquid." Again, the substance does not fit this definition. It is a dark paste, not a clear, golden-colored liquid.

Therefore, based on a preponderance of the evidence, the Court finds that the substance is not hashish oil. The Court's conclusion is supported by a recent District Court opinion finding a similar substance not to be hashish oil. *United States v. Schultz*, 810 F.Supp. 230 (S.D.Ohio 1992) (Spiegel, J.). Judge Spiegel described the substance involved in *Schultz* as "a very dark, non-pourable, extract of the marijuana plant, with a tar-like consistency and a THC content of between 10 to 14 percent." *Id.* at 231. Like this Court, Judge Spiegel heard from various experts, each proffering his own definition of hashish oil. *Id.* at 232–33. Judge Spiegel came to the conclusion that this plethora of definitions, coupled by the guidelines' lack of a scheme based on THC content, forced him to "make a choice based on nothing short of conjecture." *Id.* at 233. Applying the rule of lenity, Judge Spiegel adopted the classification proffered by the defendants—hashish or cannabis resin. *Id.* at 235. The Court concurs with Judge Spiegel's reasoning, specially as it concerns the confusion created by the use of undefined terms in the Sentencing Guidelines, and the obvious incongruence between United States Code and Sentencing Guidelines terminology. *Id.* at 233–34.

The Court further finds that the substance does not fall within the second guidelines category: hashish or cannabis resin. According to the experts who testified at the evidentiary hearing, hashish and cannabis resin are synonymous terms designating the purified extract obtained mainly from the marihuana flowers. The substance in this case was made from the "left-overs" of marihuana plants, rather than the flowers.[4]

By a process of elimination, therefore, the Court concludes that the substance falls un-

der the Sentencing Guidelines category of Marihuana/Cannabis, granulated, powdered, etc. In this regard, the Court notes that the term "marihuana oil" used by defendants in the plea agreement also falls under this catch-all category.

## CONCLUSION

Based on the foregoing considerations, it is hereby

ORDERED AND ADJUDGED that, for sentencing purposes, the substance seized in this case IS: "Marihuana." United States Sentencing Commission *Guidelines Manual,* § 2D1.1 (Nov. 1992).

DONE AND ORDERED.

---

offense level for comparable amounts of marihuana than hashish.

4. In this respect, the Court reaches a different conclusion than the *Schultz* court. As noted before, however, Judge Spiegel did not conclu-

sively determine that the substance in question was hashish or cannabis resin; he simply ruled in favor of the defendants by applying the rule of lenity. *Id.* at 235.